## MICHAEL, NOW BRICKER, In Re

Ohio Appeals, 2nd Dist, Darke Co

No 462.   Decided Feb 5, 1935

Billingsley & Manix, Greenville, for Myrtle E. Michael Bricker.

Aaron Kessler, Laura, and W. H. Gilbert, Troy, for E. F. Houdishell, Guardian.

## OPINION

By HORNBECK, PJ.

We have been favored with the opinion of the judge of the Court of Common Pleas. It is predicated upon the theory that inasmuch as the final account of the guardian was filed after the effective date of the New Probate Cote, it controls and that by virtue of §10506-42 GC the fiduciary was authorized to retain the deposit made by the former guardian evidenced by the pass book in the building and loan association and further that §10506-45 GC authorized and made valid the deposit of the funds of the ward in the building and loan association. We have also been favored by extended and helpful briefs of counsel and have given consideration to all the questions urged, though we may not discuss all of them.

When Mrs. Sheets qualified as guardian of the ward, she was obligated to observe the duty enjoined upon her as guardian. She was required to exercise good faith and due care to invest the funds of her ward. In making such investment she was only protected against liability on her bond for loss to her ward if she followed the provisions of the statute respecting the nature of investments therein approved. At the time of her appointment during her incumbency, and until January 1, 1932 §§10933, 11214 GC were effective and controlled investments to be made by guardians. She filed no account and in the account which was filed by her administrator there is no specific reference made to the deposit in the building and loan association, where deposited, the amount thereof, nor the nature of the investment. No mention is made of it under the heading of Statement of Funds and Investments. It was not mentioned specifically in the entry of settlement and confirmation of the account. The same thing is true respecting the first account filed by Mr. Houdishell, guardian. The application by Mr. Houdishell for appointment of guardian speaks only in general terms of money in building and loan. We recently held in a case from Montgomery County, In Re Guardianship of Hoffman, Guardian, etc., No. 1257, unreported, that where in the filing of an account of guardian or fiduciary specific reference is made to the place where an investment is placed, the nature and extent thereof, and

such account is thereafter settled and confirmed this action is tantamount to an approval of the investment by the Probate Court as though made when the investment was made. If the investment is of a class that would have been authorized originally upon approval by the Probate Court, then the guardian is protected in such investment and it is an authorized, valid investment under the statute. See also **In Re Tischer Trusteeship, 46 Oh Ap, 405 (15 Abs 54)**. We would not, however, carry this doctrine beyond the strict necessities of the facts which prompted the foregoing opinions.

In the instant case, we are satisfied that the mere reference in the accounts to certain items of interest, which was designated as interest from building and loan account was not sufficient to put the Probate Judge upon notice that the funds were then on deposit or investment with any building and loan association nor of the nature nor of the kind or amount of said investment.

We therefore, are of opinion that the investment under consideration is one wherein it was essential to its validity, when made, that the approval of the Probate Judge be given under old §11214 GC and that such approval does not appear on this record.

At the time that Mr. Houdishell was appointed guardian he was chargeable by law with knowledge that the deposit with the building and loan association was not an approved investment. He also knew that in probability he would have charge of the money until the ward became of age, which was several years in the future. It then became his obligation, in the exercise of good judgment, if he desired the protection of the law to invest the funds as provided by law. The Probate Court clearly was well within its province in concluding that the guardian had not exercised good judgment and had not observed the provision of the law respecting the investment of the ward's funds. Of course, the guardian would be protected under the law, as effective when he was appointed, in holding the class of deposit with the building and loan association for a reasonable time.

But as the account of the guardian was not filed until after the New Probate Code became effective, it is the theory of the trial court and of counsel for the guardian that he is protected under its provisions. In support thereof, we are cited to §§10506-42 and 10506-45 GC.

**Sec 10506-42 GC** provides:

"Nothing herein shall be construed to prohibit the fiduciary from retaining any part of the trust estate as received by him even though such part is not of the class permitted to fiduciaries under the law, and provided the circumstances are not such as to require the fiduciary to dispose of the same in the performance of his duties according to law."

This section, if it could have application which we doubt, would protect the guardian in taking over the class of security as it came to him from the prior guardian, but would not protect him in a failure to observe the law respecting the investment of the funds. But it is urged that §10506-45 GC clearly validates the deposit of funds of the ward with the building and loan association.

**Sec 10506-45 GC** provides:

"Immediately after his appointment and throughout the administration of the trust, every fiduciary shall be required to deposit all funds received by him in his name as such fiduciary in one or more depositories. Each depository must be a national bank, or a state bank, or building and loan association located within and organized under the laws of the state of Ohio. The deposit shall be in such class of account as will be most advantageous to the trust and each depository shall pay interest at the highest rate customarily paid to its patrons on deposit in accounts of the same class."

**Sec 10506-41 GC** sets forth the type of investment that a fiduciary can make with the funds belonging to the trust and in no instance can such investment be made without the approval of the Probate Court.

**Sec 10506-46 GC** is also pertinent to our question:

"The fiduciary who has funds belonging to the trust not required for current expenditures shall, unless otherwise ordered by the Probate Court, invest or deposit such funds according to law within a reasonable time and on failure so to do, such fiduciary shall account to the trust for such loss of interest as may be found by the court to be due to his negligence."

There are two constructions to be placed upon §§10506-45 and 10506-41 GC both giving full meaning to the provisions of both sections.

First, that the deposit §10506-45 GC is a mandatory requirement and investment under §10506-41 GC is an optional or permissive duty of the fiduciary. The other construction which is more in line with the underlying purpose which has been found in all legislation affecting fiduciaries is that the legislature recognized that money and funds coming to the hands of fiduciaries could be classified as those to be held temporarily and those to be held for a longer period. If a guardian were appointed for a ward who would come of age within a few months after the appointment then obviously the possession of the guardian would only be of a temporary nature and he would not be expected in the exercise of good judgment to invest these funds but would be required to deposit them as provided by this section heretofore quoted. So with administrators and executors who have funds in their possession which will only be held for a short time. But, when under the facts surrounding the trust the fiduciary is put upon notice that in probability he will have funds of the trust in his possession and under his control for a considerable period of time and that good judgment dictates that they should be invested, then he is under obligation to exercise due care to invest them. Upon this view of the meaning of the statutes under consideration, the deposit section would only have application to funds, the proper use of which would require that they be deposited, whereas, the investment section is controlling of the obligation of the fiduciary when he has funds which, in the exercise of good faith and good judgment should and could be invested. It is our judgment that the latter construction is the more reasonable and more conducive to the safe guarding of the funds of the trust which underlying purpose is dominant in present and past legislation affecting trust estates. §10933(2) GC among other duties incumbent upon the guardian requires that he manage the estate for the best interests of his ward. We grant that it requires the strict interpretation to support our position and it may be that the language of the deposit fund section will not permit of the construction which we place upon it.

Unfortunately the record made in the Common Pleas Court does not disclose the date when the Milton Loan and Savings Association went upon notice to its depositors. If this date was before the New Probate Code was effective and any considerable length of time prior to the filing of the guardian's final account, we do not believe that §10506-45 GC would protect the guardian. To so hold would give it a retroactive effect.

It is our conclusion that §10506-45 GC requires a fiduciary at the time of his appointment and at any time thereafter during his incumbency, when he has funds, to deposit them with one of the depositories set forth in the statute. If the possession of the funds is to be longer than of a temporary nature, then the fiduciary is protected upon such deposit so long as no investment is available to him which in his judgment could be made under §10506-41 GC. If such investment is available then the obligation of the fiduciary is to place said funds in such investment and thereupon the provisions of §10506-41 GC become controlling. The Probate Court in this case had a right to find that the guardian was under obligation to invest the funds of his ward and that in probability such investment could have been made; that such investment was not made and that loss resulted to the ward by reason of the neglect of the guardian to so invest the funds in his hands.

Certainly the action of the guardian is not questioned from a standpoint of good faith, which it is conceded he at all times exercised. We have discussed the sections of the new code if effective or ineffective to control the acts of the guardian.

We, therefore, hold that the judgment of the Common Pleas Court should be reversed and that the Probate Court was correct in determining that the guardian should pay to his ward the amount found due her in money and in refusing to require the ward to accept the pass book representative of the deposit of the guardian with the Milton Loan and Savings Association. Judgment reversed and cause remanded.

KUNKLE and BARNES, JJ, concur.